UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE BOROVOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEYOND MEAT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Christine Borovoy ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## INTRODUCTION

1. This is a putative class action against Defendant Beyond Meat, Inc. ("Beyond Meat" or "Defendant.")

2. Beyond Meat manufactures, advertises, and sells plant-based meat substitute products, such as the plant-based ground beef, sausages, meatballs, and hamburger patties.

3. Beyond Meat claims that its products provide "equal or superior protein" as compared to real meat, but that is false.

4. Two different U.S. laboratories have independently and separately conducted testing on a wide range of Beyond Meat products. The test results were consistent with each other: the results of both tests show that Beyond Meat products contain significantly less protein than what is stated on the product packaging.

5. As such, Defendant has engaged in widespread false and deceptive conduct by overstating the amount of protein in its products.

6. Plaintiff asserts claims against Defendant violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. §§ 505, *et seq.*; and unjust enrichment.

## PARTIES

7. Plaintiff Borovoy is a resident and citizen of Illinois, residing in Freeport, Illinois.

2

8. Plaintiff Borovoy purchased Beyond Meat's Beyond Burger Plant-Based Patties several times, starting in 2021.

9. Beyond Meat products are sold at many stores in and around Freeport, Illinois. Plaintiff Borovoy purchased the products at the Sullivan's Foods and Woodman's Markets stores in her area. On or around August 19, 2021, Plaintiff Borovoy paid approximately $5.69 for a Beyond Burger Plant-Based Patties 2 Pack at Sullivan's Foods in Freeport, Illinois.

10. When Plaintiff Borovoy purchased the products, she relied on various labeling representations about the nutritional qualities of the product, including that it had 20 grams of plant protein per serving, and a daily protein value of 40%. Plaintiff Borovoy read and relied on both the front labeling, and the nutrition information on the back of the package.

11. However, the Patties Plaintiff Borovoy purchased did not have 20 grams of protein per serving, and did not provide a daily protein value of 40%. Instead, the products would have had approximately 18 grams of protein, and an actual daily protein value of approximately 35%.

12. Plaintiff Borovoy would not have purchased the Patties if she had known at the time that the labeling was false.

13. Plaintiff Borovoy overpaid for the products as a result of the false labeling.

14. Plaintiff Borovoy regularly goes to stores where Beyond Meat Products are sold. Plaintiff would purchase Beyond Meat Products again in the future if the products accurately disclosed the amount of protein in them. However, if that change were made, Plaintiff would have no way to know if the product labeling was in fact true. As a result, she may either refrain from purchasing Beyond Meat Products in the future or may purchase them incorrectly assuming that they have been improved such that the labeling disclosing the amount of protein in them per serving is correct.

15. Defendant, Beyond Meat, Inc. is a Delaware Corporation with its headquarters in El Segundo, California.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendant.

17. Personal jurisdiction is proper because Plaintiff is a citizen and resident of Illinois. Defendant also regularly and continuously transacts business in Illinois, including selling and falsely marketing products throughout the State.

18. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because Plaintiff resides in this District.

## FACTUAL BACKGROUND

### I. Products At Issue (the "what"):

19. All of Defendant's Beyond Meat products, including but not limited to Sausage Plant-Based Dinner Links Hot Italian 14 oz, Beyond Sausage Plant-Based Dinner Sausage Links Brat Original 14 oz, Beyond Beef Plant-Based Patties, Beyond Beef Plant-Based Ground Beef, Beyond Breakfast Sausage Plant-Based Breakfast Patties Classic, Beyond Breakfast Sausage Plant-Based Breakfast Patties Spicy, Beyond Chicken Plant-Based Breaded Tenders Classic, Beyond Meatballs Italian Style Plant-Based Meatballs, Beyond Meat Beyond Breakfast Sausage Plant-Based Breakfast Links Classic ("Beyond Meat Products" or the "Products").

### II. Relevant Time Period (the "when")

20. All of the misrepresentations at issue here were uniformly and consistently made

4

at all times during the last four years, at least. There have been no material changes to the product labeling during the relevant period.

### III.     Labeling At Issue (the "where")

21.     For all Products at issue, the labeling describes the amount of protein, expressed in grams per serving and as a "Daily Value" (or "DV"). The Daily Value is printed on nutrition fact labels as "% DV" or "% Daily Value." Daily Value plays an important role in food labeling because the information allows people to judge the nutrient content of food products.

22.      For example, the front packaging of the Beyond Burger Patties states in large, bold lettering that the products have "20 grams of plant protein per serving":



23.     The nutrition label on the back of the Beyond Burger Patties likewise states that the product contains 20 grams of protein per serving, and a 40% daily protein value.

24.     Other Beyond Meat Products similarly include a statement on the front about the number of grams of protein, and a statement on the nutrition label repeating the number of grams of protein, and a statement of the percentage of daily protein value.

5

IV. **Misrepresentation at Issue (the "why):**

25. Protein is an essential part of a healthy diet. Many consumers seek out high-protein products due to the benefits of protein. In addition, vegetarians often find it challenging to get sufficient protein intake in their diets, and therefore seek out products like the Products at issue here.

26. The Food and Drug Administration requires manufacturers to publish a product's protein content on its nutritional label, which is a statement of the number of grams of protein in a serving.

27. Generally, the "Nitrogen Content Method" is used to calculate the protein content of a food product. Under this methodology, protein content is calculated on the basis of the factor of 6.25 times the nitrogen content of the food as determined by the appropriate method of analysis as given in the "Official Methods of Analysis of the AOAC International," unless there is an official procedure for a specific food that requires another factor.

28. However, the nitrogen method is not the most accurate way to describe protein content, and federal law requires disclosure of protein quality, which is determined through a more rigorous testing methodology called the Protein Digestibility Amino Acid Corrected Score ("PDCAAS") to calculate the "corrected amount of protein per serving.

29. The "corrected amount of protein (gram) per serving" is equal to the actual amount of protein (gram) per serving multiplied by the amino acid score corrected for protein digestibility. The protein digestibility corrected amino acid score is determined by methods given in the "Protein Quality Evaluation, Report of the Joint FAO/WHO Expert Consultation on Protein Quality Evaluation," Rome, 1990.

30. By law, Beyond Meat is required to use the PDCAAS calculation for the Products

6

rather than some other less-sophisticated method. For any product making a protein claim, the product must contain a statement of protein content as a percentage of the Daily Reference Value calculated using the "corrected amount of protein"—an amount that is not calculated by simply multiplying the amount of nitrogen by 6.25, but by taking into account the "protein quality value," or "protein digestibility-corrected amino acid score." See 21 C.F.R. § 101.9(c)(7)(ii).

31. For the products at issue here, the protein content must be stated as a percentage of the Daily Value using the corrected amount of protein.

32. Defendant's stated protein amount and protein DV% claims are false and misleading. The amount of protein determined by nitrogen in Defendant's products are less than what is represented.

33. Moreover, the DV% of Protein for all of the Products is less than the DV% represented on the product labeling.

34. Defendant knows that its product labeling is false. It is routine practice in the food industry to regularly test products to confirm the accuracy of nutrition labeling. Defendant therefore would have tested the Products before putting them on sale.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

36. Plaintiff seeks to represent the following classes:

> **National Class**: During the fullest period allowed by law, all persons in the United States who purchased any of the Products for personal use and not for resale within the United States (the "Class").

> **Consumer Fraud Ten-State Class**: All persons in the States of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington who purchased the Products for personal use and not for resale from the beginning of any applicable limitations period through the

date of class certification (the "Consumer Fraud Multi-State Class").

**Illinois Class**: All persons in Illinois who purchased any of the Products for personal use and not for resale within Illinois (the "Illinois Class")

37. Plaintiff reserves the right to modify the class definitions as appropriate based on further investigation and discovery obtained in the case, including through the use of multi-state subclasses to account for material variations in state law, if any.

38. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

39. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant made misrepresentations on the labeling, whether Defendant knew the misrepresentations were false, and whether Plaintiff and class members are entitled to monetary or injunctive relief.

40. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, purchased the Products.

41. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

42. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the

8

resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

43. Plaintiff brings all claims in this action individually and on behalf of members of the Class against Defendant.

## CAUSES OF ACTION

### COUNT I

**Violation of the State Consumer Fraud Acts**
**(On Behalf of the Consumer Fraud Multi-State Class)**

44. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

45. Plaintiff brings this Count on behalf of herself and the Consumer Fraud Multi-State Class.

46. The Consumer Fraud Acts of the States in the Multi-State Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

47. Defendant intended that Plaintiff and each of the other members of the Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

48. Plaintiff, did in fact, read and rely on Defendant's representations as stated more fully above.

49. Defendant's representations were false, deceptive, and misleading, as described in detail above.

50. Had the truth been known, Plaintiff and other Multi-State Class Members would not have purchased Defendant's Products

51. As a result of Defendant's use or employment of unfair or deceptive business practices, Plaintiff and each of the other members of the Multi-State Class have sustained damages in an amount to be proven at trial.

52. In addition, Defendant's conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

## COUNT II

### Violation of the Illinois Consumer Fraud And Deceptive Business Practices Act
### (815 Ill. Comp. Stat. §§ 505, *et seq*.)

53. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

54. Plaintiff brings this Count on behalf of herself and the Illinois Class.

55. The Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/1, et seq., prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce. The ICFA is to be liberally construed to effectuate its purpose.

56. Defendant's conduct in misrepresenting the benefits of its Products constitute the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendants' trade or commerce.

57. Defendant intended that Plaintiff and the Proposed Class would rely on its

misrepresentations.

58. Defendant's misrepresentations are material because they concern the type of information upon which a reasonable consumer would be expected to rely in making a decision whether to purchase the Products.

59. Because Defendant is in the business of selling food products, Defendants committed the unfair and deceptive acts in the conduct of their trade and commerce.

60. Defendant's practice of misrepresenting the Products is also unfair because it offends public policy and is immoral, unethical, and unscrupulous because consumers are being misled about the very efficacy and purpose of the product. Misrepresenting the Products offends the public's expectation to be told the truth about the products they are buying.

61. Defendant's conduct causes substantial injury to consumers.

62. Plaintiff and the Proposed Class were deceived by the misleading labeling and advertising of the Products and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Products and the value of the Products if they had been as represented.

63. Had the truth been known, Plaintiff and the Proposed Class would not have purchased Defendant's Products or would not have paid as much for the Products.

64. Defendant's conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

65. Plaintiff also seeks to enjoin Defendant's ongoing deceptive practices relating to their claims on the Product's labels and advertising.

## COUNT II

### Violations of Illinois Uniform Deceptive Trade Practices Act
### (815 Ill. Comp. Stat. §§ 505, *et seq.*)

66. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

67. Plaintiff brings this Count on behalf of herself and the Illinois Class.

68. Defendant is a "person" as defined by 815 Ill. Comp. Stat. § 510/1(5).

69. Defendant engaged in deceptive trade practices in the conduct of its business, in violation of 815 Ill. Comp. Stat. § 510/2(a) by making misrepresentations and false statements concerning the DV% of Protein of the Products.

70. Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

71. The above unfair and deceptive practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and the Proposed Class that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

72. As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff and the Proposed Class have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Products.

73. Plaintiff and the Proposed Class seek all monetary and non-monetary relief allowed by law, including injunctive relief and reasonable attorney's fees.

## COUNT III

### Unjust Enrichment
### On Behalf of the Classes

74. Plaintiff hereby re-alleges and incorporates all allegations contained in the preceding paragraphs as if fully set forth herein.

75. Plaintiff brings this Count on behalf of herself and the National Class and/or Consumer Fraud Multi-State Class and/or Illinois Class ("Classes").

76. Plaintiff and the other members of the Classes conferred benefits on Defendant by purchasing the Products.

77. Defendant has been unjustly enriched in retaining the revenues derived from the purchase of the Products by Plaintiff and the other members of the Classes.

78. Retention of those monies under these circumstances is unjust and inequitable because Defendant's labeling of the Products was misleading to consumers, which caused injuries to Plaintiff and the other members of the Classes because they would have not purchased the Products if Defendant had disclosed that the Product labeling overstated the amount of protein.

79. Putative class members have suffered an injury in fact and have lost money as a result of Defendant's unjust conduct. Putative class members lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

A. For an order certifying the Class under Rule 23 and naming Plaintiff as the representative of the Class(es) and Plaintiff's attorneys as Class Counsel to represent

the Class;

B. For an order declaring that the Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff and the Class(es) on all counts asserted herein;

D. For compensatory and punitive amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper; and

H. For an order awarding Plaintiff and the Class(es) their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

DATED: July 6, 2022.                                          Respectfully submitted,

*/s/ Jonathan Shub*
Jonathan Shub
Kevin Laukaitis
**SHUB LAW FIRM LLC**
134 Kings Hwy E, Fl-2
Haddonfield, NJ 08033
T: (856) 772-7200
F: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Attorneys for Plaintiff Christine Borovoy and the Proposed Classes*